EDWIN H. SADLER v. PATRICK J. SHEAHAN, POLICE JUSTICE OF THE CITY OF DETROIT.

*Criminal law—Liquor traffic—Second complaint.*

It is the duty of the police justice of the city of Detroit to receive and act upon complaints regularly offered for a violation of the liquor law, whether the offense is charged to have been committed by a party against whom one complaint is pending or not.

*Mandamus.* Argued June 28, 1892. Denied July 28, 1892.

Relator applied for *mandamus* to compel the respondent to receive a complaint and issue a warrant for a violation of the liquor law. The facts are stated in the opinion.

*H. E. Spalding* and *Bryant Walker*, for relator.

PER CURIAM. Relator asks for *mandamus* to compel the respondent to receive a complaint and issue a warrant against one Patrick Moynahan for selling spirituous and malt liquors without having paid the tax.

It appears by the petition and return that it has been the custom for members of the police force to make reports of violations of the law to the police justice, and when such reports are filed the police court clerk prepares a complaint for the signature of the complaining witness, who when notified makes oath to the complaint, whereupon a warrant issues. It further appears by the return of the police justice that one complaint was pending against Moynahan, and that the relator presented to the respondent a bundle of papers, saying, "These are second complaints;" that at the time the respondent was very busily engaged in official business, and understood relator to refer to charges of second offenses under the liquor laws; that at the same time a number of cases remained undisposed of in said police court, brought under said laws for the first offense; that the respondent was disposing of such cases with the utmost dispatch of which he was capable, consistent with the other duties of his office, and that his colleague was in like manner engaged; that the respondent, without any purpose or design on his part to evade or postpone his lawful duty in the premises, simply recommended to the relator "that he return the papers to his captain, and ask him to withhold the same for a short time, until the charges for the first offense under said liquor laws, still pending and undisposed of in police court, were disposed of, and then return with them, and action would be taken thereon;" that respondent had never heard of any dissatisfaction whatever with the manner of disposing of

the cases under the liquor laws in the police court, and that in making said recommendation respondent was wholly actuated by a desire to conduct the public business in a regular and proper manner; that the respondent was not informed of the names of the parties to be accused of the second offense, and does not know whether the name of Moynahan was one among the bundle of papers referred to by the relator as "second complaints." Respondent also denies that he refused to allow relator to make and swear to such complaint.

This Court cannot recognize as a basis for the extraordinary writ of *mandamus* the custom referred to, and the return of the justice does not show any captious disregard of his duty. It is true, the return indicates an opinion on the part of the respondent that the first complaint should be first disposed of. This position is not tenable. Nor do we understand from respondent's return that he is disposed to assume to determine whether second complaints shall be made by the police department or not.

The law is very clear that each violation of the statute subjects the offender to punishment, and it is wholly immaterial whether a previous complaint is pending against the accused party or not. It is the clear duty of the police justice to receive and act upon complaints regularly offered for a violation of the liquor law, whether the offense is charged to have been committed by a party against whom one complaint is pending or not. We have no doubt that the respondent in this case is ready and willing to perform his duty in the premises.

As this application appears to have been filed in the public interest, no costs will be awarded to either party.

The writ must be denied.